# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MELODY CHARMAINE WHITSETT, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv-05845 |
| | § | |
| | § | |
| NATIONAL CREDIT ADJUSTERS, | § | |
| LLC | § | |
| | § | |
|    Defendant. | § | |

## DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendant NATIONAL CREDIT ADJUSTERS LLC ("**Defendant**") files its *Motion to Set Aside Default Judgment* and shows as follows:

## INTRODUCTION

1.    On August 10, 2017 Plaintiff filed her Complaint based on provisions of the Fair Debt Collections Practices Act ("**FDCPA**"), the Telephone Consumer Protection Act ("**TCPA**") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("**IFDBPA**"). (Doc. 1).

2.    Defendant's Answer was due on September 8, 2017. However, do to an innocent docketing error, this matter was not forwarded to outside counsel and an Answer was never filed.

3.    On October 12, 2017, an Entry of Default was entered in this matter. On October 19, 2017, Plaintiff filed its Motion for Default Judgment and set it for hearing on November 8, 2017.

4.    On November 1, 2017, Defendant filed its Motion to Set Aside Entry of Default along with a proposed answer and affirmative defenses (Exhibit B).

## ARGUMENTS & AUTHORITIES

5.      Rule 55(c) of the Federal Rules of Civil Procedure authorizes this Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  A party seeking to set aside the entry of an order of default must show each of the following: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."  *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009).  Whether to set aside an order of default is left to the discretion of the district court. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007).  In exercising that discretion, courts must be mindful of the policy favoring the resolution of the merits of a case by trial rather than through a default, and the resulting leniency the Seventh Circuit has established under Rule 55(c).  *Cracco*, 559 F.3d at 631.

6.      Defendant has good cause for not timely filing an Answer in this matter.  (Exhibit A).  Due to an innocent docketing error, Defendant failed forward this suit to calendar the answer deadline in this matter or forward the case to its outside counsel.  *Id.*  NCA's legal secretary responsible for docketing case deadlines left NCA in the middle of July 2017. *Id.*   Thereafter, NCA's chief legal officer was out of state attending the death of a family member and was accordingly unable to replace the legal secretary during the relevant periods associated with the deadline in this case.  *Id.* For these reasons, the answer deadline was not adhered to in this matter. Once it received notice, Defendant realized that it had failed to forward this matter to its outside counsel, who was never made aware of the suit until after this Court's entry of default. *Id.* Therefore, Defendant's failure to file an Answer was due to inadvertence rather than a conscious decision. *Id.*

7.      Defendant took quick action to correct its mistake.  *Id.*  On October 12, 2017,

Defendant became aware that Plaintiff was seeking default judgment. *Id*. On that same day, Defendant forwarded the file to its counsel who began drafting an Answer and Motion to Set Aside Default Judgment. *Id*. Attached hereto as Exhibit B is a proposed Answer and Affirmative Defenses on behalf Defendant. On November 1, 2017, the Answer and Motion were filed with the Court.

8. Defendant's records indicate that the factual basis for Plaintiff's claims are incorrect. Plaintiff alleges that Defendant continued calling Plaintiff after Plaintiff had instructed Defendant to discontinue calling and that the calls were inappropriately voluminous. (Doc 1. ¶s 25-39). The entirety of Defendant's recordings of calls to Plaintiff demonstrate that Plaintiff never instructed Defendant to discontinue calling her. (Exhibit A). Defendant's call records further reflect that calls to Plaintiff by Defendant did not begin until November 21, 2016, while Plaintiff alleges the calls began in the summer of 2016. *Id*. Defendant's call records indicate that a total of only eighteen (18) calls were made to Plaintiff, occurring between November 21, 2016 and April 6, 2017. *Id*. Defendant never called Plaintiff more than once in any day and did not contact Plaintiff in any consecutive days throughout the period of calls. *Id*. During Defendant's first phone contact with Plaintiff on December 5, 2017, Plaintiff indicated that she did not have money to pay, but promised to call back and pay as soon as she had money to do so. *Id*. On January 11, 2017, during a telephone call with Plaintiff on the subject cellular telephone, Plaintiff instructed Defendant to call her between 12 and 5 pm in the future to arrange payment. *Id*. Defendant's call recordings further reflect that Defendant did not make demeaning or harassing comments to Plaintiff during any contact and Plaintiff repeatedly indicated that she would call back and pay when she had the money during the phone contact with her *Id*. Accordingly, Defendant has meritorious Defenses to Count I of Plaintiff's Complaint which is based solely on the false

allegation that Defendant engaged in voluminous calls to Plaintiff after Plaintiff instructed the calls to cease.

9.     Defendant has meritorious defenses to Count II (TCPA) of Plaintiff's Complaint because Defendant did not use an automated dialing system to contact Plaintiff's cellular phone. (Exhibit A).  As for Plaintiff's TCPA claims, Defendant does not use an automatic telephone dialing system as defined by the TCPA.  *Id.*  In order for there to be a violation of the TCPA, Defendant had to use an Automatic Telephone Dialing System ("ATDS") to place calls to a cellular telephone without prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). However, all calls made on Plaintiff's account were made using Livevox HCI.  *Id.*  Numerous courts have found that LiveVox HCI, or other systems that require human intervention, do not constitute an ATDS. *Arora v. Transworld Sys.*, No. 15-cv-4941, 2017 U.S. Dist. LEXIS 135240 (N.D. Ill. Aug. 23, 2017); *See Pozo v. Stellar Recovery Collection Agency, Inc.*, Case No. 8:15-cv-929-T-AEP (M.D. Fla. Sept. 2, 2016) (holding that LiveVox HCI was not an ATDS because the system "required its representatives to manually dial all calls and was not capable of making any calls without human intervention"); *Smith v. Stellar Recovery, Inc.,* No. 15-CV-11717, 2017 WL 1336075, at *6 (E.D. Mich. Feb. 7, 2017), *report and recommendation adopted*, No. 2:15-CV-11717, 2017 WL 955128 (E.D. Mich. Mar. 13, 2017), *reconsideration denied*, No. 2:15-CV-11717, 2017 WL 1362794 (E.D. Mich. Mar. 29, 2017) (same); *see also See Jenkins v. mGage, LLC*, No. 1:14-CV-2791-WSD, 2016 WL 4263937, at *7 (N.D. Ga. Aug. 12, 2016) (No TCPA violation when "uncontested evidence shows human intervention was required to send each text message"); *Luna v. Shac, LLC*, 122 F. Supp. 3d 936, 941–42 (N.D. Cal. 2015), *appeal dismissed* (Nov. 20, 2015) (no TCPA violation when "the subject text message was sent as a result of human intervention"); *Legg v. Voice Media Grp., Inc*., 20 F. Supp. 3d 1370, 1376 (S.D. Fla. 2014) (summary judgment not

warranted when plaintiff could not "show[] that these broadcasts are transmitted without human intervention"); *Glauser v. GroupMe, Inc*., No. C 11-2584 PJH, 2015 WL 475111, at *6 (N.D. Cal. Feb. 4, 2015), appeal dismissed (July 30, 2015) (no TCPA violation when the text messages sent to plaintiff were "a direct response" to actions of a human individual); *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 985 (D. Minn. 2015) (no TCPA violation when the "technology does not even have the 'capacity to dial numbers without human intervention'").

10.     Defendant has meritorious defenses to Count III (Illinois Consumer Fraud and Deceptive Business Practices Act) of Plaintiff's Complaint because the alleged violations are predicated on the violations of the FDCPA set forth in Count I, which fail for the reasons stated above.

11.     Based on the foregoing, Defendant has met its burden to show it has a meritorious defense against Plaintiff's FDCPA, TCPA and ICFDBPA claims.

<u>**CONCLUSION**</u>

Defendant has met its burden in proving that the entry of default should be set aside due to good cause.  Therefore, Defendant respectfully requests this Court to set aside the entry of default judgment and allow Defendant to defend itself during a trial on the merits in accordance with the law.  *Cracco*, 559 F.3d at 631.

Dated: November 1, 2017

Respectfully submitted,

**WATTS LAW GROUP, LLC**

/s/ *Patrick A. Watts  #6302112*
212 S. Bemiston Avenue Suite 200
St. Louis, Missouri 63105
pwatts@swattslaw.com
(314) 669-5490
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2017, a copy of the forgoing Motion to Set Aside was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Patrick A. Watts*
212 S. Bemiston Avenue Suite 200
St. Louis, Missouri 63105
pwatts@swattslaw.com
(314) 669-5490
*Counsel for Defendant*